UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| REPRESENTATIVE RONNY JACKSON, in his individual capacity and as U.S. Representative for Texas's 13th Congressional District, and REPRESENTATIVE DARRELL ISSA, in his individual capacity and as U.S. Representative for California's 48th Congressional District,<br><br>    Plaintiffs,<br><br>    v.<br><br>SHIRLEY N. WEBER, in her official capacity as California Secretary of State, and GAVIN NEWSOM, in his official capacity as Governor of California,<br><br>    Defendants. | Case No. 2:25-cv-00236-Z |

**DECLARATION OF REPRESENTATIVE DARRELL ISSA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to 28 U.S.C. § 1746, I, Darrell Issa, declare under penalty of perjury that the following is true and correct based on my personal knowledge:

BACKGROUND AND QUALIFICATIONS

1. My name is Darrell Issa. I am over the age of eighteen (18) and competent to make this Declaration.

2. I am the duly elected United States Representative for California's 48th Congressional District, first elected to this district in November 2020 and reelected in November 2022 and November 2024.

1

3.  I am also a registered voter in the State of California, and I reside within current Congressional District 48 which will be subject to redistricting under AB 604.

4.  Before my current service representing California's 48th District, I served as U.S. Representative for California's 49th Congressional District from 2001 to 2019. Thus, I have served in Congress for over 20 years, including as Chairman of the House Committee on Oversight and Government Reform from 2011 to 2015.

5.  I bring this action in two capacities: (a) as a Member of Congress whose representative capacity and seniority will be diminished when Democrats gain House control through California's redistricting; and (b) as a California voter whose vote will be diluted by districts drawn in violation of constitutional and state law requirements.

6.  I make this Declaration based on my personal knowledge to support Plaintiffs' Motion for Preliminary Injunction and to establish my standing to bring this action.

## MY CURRENT POSITIONS AND SENIORITY

7.  I currently serve as a senior Republican member of two House committees:

    a.  Committee on Foreign Affairs, where I am a member of the Subcommittee on Global Health, Global Human Rights, and International Organizations, and the Subcommittee on the Middle East, North Africa, and Central Asia;

    b.  Committee on Judiciary, where I serve as a member of the Subcommittee on Courts, Intellectual Property, and the Internet, and the Subcommittee on Immigration Integrity, Security, and Enforcement.

8.  As a member of the majority party with over 20 years of House service, I enjoy substantial seniority benefits, including:

    a. Priority in questioning witnesses during committee hearings, based on seniority within the committee;

    b. Enhanced staff allocation provided to senior majority party members;

    c. Influence over committee agendas through seniority-based relationships with committee chairmen;

    d. Access to committee materials and briefings provided to majority members;

    e. Ability to shape legislation within my committees' jurisdictions through amendments, markups, and negotiations.

9. My seniority and committee positions enable me to serve my constituents' interests effectively. California's 48th Congressional District includes:

    a. Substantial military and veteran populations, including many retired servicemembers and military families benefiting from my work on defense and veterans issues;

    b. Immigrant communities with strong interests in immigration policy, which I address through my Judiciary Committee work;

    c. Border communities affected by immigration and border security policies;

    d. Technology and innovation sectors benefiting from my Judiciary Committee work on intellectual property and internet policy;

    e. International business interests affected by foreign policy matters I work on through the Foreign Affairs Committee.

<u>HARMS I FACE</u>

    A. *Injury as a Member of Congress*

10. A Representative of Congress represents the personal rights of the voters and constituents of his District and has a personal stake in effectively representing those rights.

11. Like Representative Jackson, I will lose specific representative authorities and resources if Democrats gain House control through California's AB 604 redistricting:

    a. I will lose seniority advantages in committee proceedings, including priority in questioning witnesses and shaping committee agendas;

    b. I will automatically have reduced staff allocation, as minority members receive fewer staff resources than majority members;

    c. I will have reduced influence over legislative priorities and committee work affecting my constituents;

    d. I will have reduced access to committee materials, briefings, and opportunities to shape legislation.

12. These losses will directly impair my ability to represent my constituents:

    a. Military and veteran constituents will receive reduced advocacy on defense and veterans issues, as I will have less influence over relevant legislation and oversight;

    b. Immigrant communities will receive reduced advocacy on immigration policy, as I will have diminished ability to shape Judiciary Committee work;

    c. Technology and business interests will have reduced voice in intellectual property and foreign policy matters;

    d. All constituents will receive reduced constituent services, as I will have fewer staff resources to address their concerns.

13. The ERRA's legislative findings openly admit AB 604's partisan purpose:

    a. "The State of Texas has convened a special session of its Legislature to redraw congressional district maps to unfairly advantage Republicans";

b. "President Trump and Republicans are attempting to gain enough seats through redistricting to rig the outcome of the 2026 United States midterm elections";

c. "It is the intent of the people that California's temporary maps be designed to neutralize the partisan gerrymandering being threatened by Republican-led states".

14. These findings demonstrate that AB 604 was drawn "for the purpose of favoring or discriminating against ... a political party" in direct violation of California Constitution Article XXI, § 2(e).

B. *Injury as a California Voter*

15. I am a California voter who will be directly affected by AB 604's redistricting map.

16. I am registered to vote in California at my residence located within what would become proposed Congressional District 49 under AB 604.

17. As a California voter, I have a direct, personal stake in ensuring that California's congressional districts comply with constitutional and state law requirements.

18. AB 604's redistricting will injure me as a voter in multiple ways:

a. My vote will be diluted by districts drawn using stale 2020 Census data that fails to account for five years of population changes; Significant population changes have occurred since 2020, including:

1. Devastating wildfires in 2024 and 2025 that displaced tens of thousands of California residents from Pacific Palisades, Malibu, Altadena, and other communities;

2. Continued net out-migration from California, particularly from coastal urban areas;

3. Natural population changes through births, deaths, and migration; and

4. Economic factors affecting population distribution.

b. My vote will be manipulated for partisan advantage, violating California Constitution Article XXI, § 2(e)'s prohibition on drawing districts "for the purpose of favoring or discriminating against . . . a political party";

19. AB 604's mid-decade redistricting also violates California Constitution Article XXI, § 1, which limits redistricting to "the year following the year in which the national census is taken."

20. AB 604's mid-decade redistricting in 2025—five years after the Census—violates California's constitutional schedule.

21. As a California voter, I am injured by this violation because:

a. The California Constitution reflects voters' judgment about when and how redistricting should occur;

b. Mid-decade redistricting disrupts settled expectations and manipulates electoral outcomes mid-cycle;

c. I will vote in districts drawn contrary to California's constitutional requirements, depriving me of the lawful redistricting process.

22. I will be deprived of the nonpartisan redistricting process California voters enacted through Proposition 20 (2010), which specifically removed redistricting authority from the partisan Legislature and vested it in an independent Citizens Redistricting Commission;

a. I voted for Proposition 20 in 2010, supporting the creation of an independent, nonpartisan redistricting commission specifically to prevent partisan gerrymandering;

b. AB 604's partisan redistricting overrides my vote and the votes of millions of California voters who enacted Proposition 20

    c.    I am deprived of the nonpartisan redistricting process I voted to establish;

23. My vote in future elections will be manipulated by districts drawn for partisan advantage rather than fair representation;

24. I will cast votes in unconstitutionally drawn districts in the June 2, 2026 primary election and November 3, 2026 general election.

25. The Legislature made no effort to obtain updated population data or account for these known changes when drawing AB 604's districts;

26. AB 604's districts therefore contain unequal populations when measured against current actual population (as opposed to 2020 Census data).

27. This vote dilution is not abstract—it affects me personally:

    a. Proposed District 49 (in which I reside and am registered to vote) was drawn to contain 760,066 persons according to 2020 Census data;

    b. However, since 2020, significant population changes have occurred in Southern California, including in areas that comprise proposed District 49;

    c. I do not know whether proposed District 49's current actual population is above or below the ideal district size, because the Legislature conducted no analysis of current population;

    d. If District 49's current population is below the ideal, then my vote carries more weight than voters in districts with higher population, violating equal protection;

    e. If District 49's current population is above the ideal, then my vote carries less weight than voters in districts with lower population, also violating equal protection;

    f. Either way, I cannot know whether my vote is equal to other California voters' votes, because AB 604's districts were drawn without regard to current population equality.

28. As a California voter who will cast votes in districts drawn in violation of one person, one vote requirements, I have standing to challenge AB 604's redistricting.

## THE HARMS I FACE ARE IMMINENT

29. My injuries as both a Member of Congress and as a voter are imminent and will occur according to the following timeline:

    a. If Proposition 50 passes on November 4, 2025:

        1. The Secretary of State will certify results by December 12, 2025;

        2. AB 604's new congressional districts will take effect;

        3. Candidate filing for the June 2, 2026 primary will begin in mid-December 2025 using the new districts;

        4. I will cast my vote in the June 2, 2026, primary in an unconstitutionally drawn district (proposed District 49);

        5. I will cast my vote in the November 3, 2026 general election in the same unconstitutionally drawn district.

    b. These voting injuries will occur within 7-13 months, and once I cast votes in unconstitutional districts, that constitutional violation cannot be undone.

30. The same timeline that injures me as a voter also threatens my representative capacity:

    a. June 2, 2026: Primary elections in California using AB 604's gerrymandered districts;

  b. November 3, 2026: General election, likely resulting in Democrats gaining 4-6 California seats;

  c. January 3, 2027: new Congress convenes;

  d. Within days: Committee assignments made; if Democrats control House, I lose seniority benefits and majority party resources.

31. This timeline demonstrates that my injuries are imminent, not speculative.

## CAUSATION

32. My injuries are directly caused by Defendants' implementation of AB 604;

33. As a Voter: But for AB 604's implementation:

 a. I would vote in the current congressional districts (drawn by the nonpartisan Commission in 2021);

 b. My vote would not be diluted by stale census data;

 c. My vote would not be manipulated for partisan advantage;

 d. I would vote in districts drawn in compliance with California and federal constitutional requirements.

34. As a Member of Congress: But for AB 604's implementation:

  a. Democrats would not gain 4-6 additional California seats in 2026;

  b. The House would likely remain under Republican control (given the current one-seat margin);

  c. I would retain my seniority benefits and majority party resources;

  d. I would maintain my current ability to represent my constituents effectively.

REDRESSABILITY

35. A preliminary injunction preventing AB 604's implementation would redress my injuries:

36. As a Voter: If this Court enjoins AB 604's implementation:

a. I will vote in the current congressional districts (drawn by the nonpartisan Commission using 2020 Census data);

b. My vote will not be diluted by use of stale census data for voluntary mid-decade redistricting;

c. My vote will not be manipulated for partisan advantage in violation of California constitutional requirements; d. I will vote in districts drawn in compliance with federal and state constitutional requirements.

37. As a Member of Congress: If this Court enjoins AB 604's implementation:

a. Democrats will not gain the 4-6 additional California seats AB 604 is designed to provide;

b. The House will likely remain under Republican control (absent other nationwide seat changes);

c. I will retain my seniority benefits and majority party resources; and

d. I will maintain my ability to represent my constituents effectively.

IRREPARABLE HARM

41. My injuries are irreparable because: As a Voter:

a. Once I cast votes in unconstitutionally drawn districts, that constitutional violation cannot be undone:

1. The votes will have been counted;

    2. Representatives will have been elected;

    3. Those representatives will serve full two-year terms regardless of the districts' constitutionality;

    4. Courts will not grant me full or adequate relief once the election occurs.

  b. Vote dilution cannot be remedied through money damages—there is no way to compensate a voter monetarily for having their vote count less than other voters' votes.

42. As a Member of Congress: My loss of representative capacity cannot be undone:

  a. I cannot be restored to majority party status mid-Congress if Democrats gain control through unconstitutional redistricting;

  b. Committee assignments remain fixed for the entire two-year Congress;

  c. My constituents' loss of effective representation cannot be remedied retroactively;

  d. Defendants have sovereign immunity from money damages.

## PERSONAL KNOWLEDGE AND COMPETENCE

43. I make this Declaration based on personal knowledge of:

  a. My current positions on the Foreign Affairs and Judiciary Committees;

  b. The seniority benefits and resources these positions provide;

  c. How I use these authorities to serve my constituents;

  d. My status as a registered California voter residing in proposed District 49;

  e. California's redistricting history, including Proposition 20 and the Citizens Redistricting Commission;

  f. AB 604's redistricting map and its effects on my district and my vote;

  g. The timeline for California's Proposition 50 election and the 2026 congressional elections;

      h.  My constituents' interests in military affairs, immigration policy, foreign policy, and technology issues.

44.    I am competent to testify to these facts, and I have personal knowledge of them through my 20+ years of service in Congress and my status as a California voter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 29, in Washington, D.C.

                                                                 box SIGN     158V2QPY-137ZWQZ8

                                                       U.S. Representative Darrell Issa